UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FT. WAYNE DIVISION

| | |
|---|---|
| BANKERS LIFE AND CASUALTY COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 1:22-cv-453 |
| ) | |
| VIRGINIA DICKERHOOF, ) | |
| RACHAEL DICKERHOOF, and ) | |
| RENE DICKERHOOF, ) | |
| ) | |
| Defendants. ) | |

**COMPLAINT FOR INTERPLEADER**

Plaintiff, Bankers Life and Casualty Company ("Bankers Life"), by counsel, for its Complaint for Interpleader, alleges and states as follows:

**I. Parties**

1. Bankers Life is an insurance company formed as a corporation under the laws of the State of Illinois, with its principal place of business in Chicago, Cook County, Illinois. Bankers Life is a citizen of the State of Illinois under 28 U.S.C. § 1332(c)(1).

2. Defendant Virginia Dickerhoof ("Virginia"), is a resident of Kendallville, Allen County, Indiana. Virginia is a citizen of the State of Indiana.

3. Defendant Rachael Dickerhoof ("Rachael"), is a resident of Ft. Wayne, Allen County, Indiana. Rachael is a citizen of the State of Indiana.

4. Defendant Rene Dickerhoof ("Rene"), is a resident of Monterey, Monterey County, California. Rene is a citizen of the State of California.

## II. Jurisdiction and Venue

5. Bankers Life brings this interpleader action pursuant to 28 U.S.C. § 1335.

6. Bankers Life has custody or possession of money in controversy in excess of $500, disputed annuity proceeds in the approximate total sum of $70,458.99 (the "Disputed Proceeds"), plus interest as provided by law.

7. Defendants are adverse claimants to the Disputed Proceeds, who are diverse in citizenship to Bankers Life and diverse in citizenship as among themselves, payment of which to any may expose Bankers Life to double or multiple liability. This Court therefore has subject matter jurisdiction under 28 U.S.C. § 1335.

8. Venue is proper in this Court under 28 U.S.C. §§ 1391 and 1397 because at least one of the Defendants resides in this judicial district.

## III. Cause of Action in Interpleader

9. On January 29, 2016, Bankers Life issued to Randy Dickerhoof (the "Annuitant") a Single Premium Index Fixed Deferred Annuity Policy with a single premium deposit of $100,000.00, as Policy Number ***2435 (the "Policy"). A true and accurate copy of the Policy, including the Application, is attached hereto as Exhibit A[1].

10. In the Application for the Policy, the Annuitant designated Virginia, his then-wife, as the primary beneficiary, and Rachael and Rene, his daughters, as equal contingent beneficiaries.

11. The Annuitant and Virginia divorced in or about March 25, 2018. True and accurate copies of the Decree of Dissolution of Marriage and Mediation Marital Settlement Agreement are collectively attached hereto as Exhibit B.

12. The Annuitant died on August 18, 2022.

---

[1] Exhibits are redacted for HIPAA and privacy reasons.

13. A probate estate was opened following the death of the Annuitant and is currently pending in the Allen County Superior Court under Case No. 02D02-2208-EU-000535.

14. The Policy was paid up and in full force and effect at and before the time of the Annuitant's death and, under the terms of the Policy, the remaining benefits became due and payable to the rightful beneficiary(ies), and Bankers Life concedes liability for the remainder value of the Policy in the approximate current value of $70,458.99.

15. On September 2, 2022, Virginia executed an Annuity Death Benefit Claim Form. A true and accurate copy of Virginia's Claim Form is attached hereto as Exhibit C.

16. On September 2, 2022, Rachael executed an Annuity Death Benefit Claim Form. A true and accurate copy of Rachael's Claim Form is attached hereto as Exhibit D.

17. On September 2, 2022, Rene executed an Annuity Death Benefit Claim Form. A true and accurate copy of Rene's Claim Form is attached hereto as Exhibit E.

18. Bankers Life has received letters dated September 8 and 23, 2022, from Perry D. Shilts, counsel for Virginia, asserting that Virginia is the beneficiary of the Policy and requesting that the benefits not be distributed to any other than Virginia. True and accurate copies of Attorney Shilts's September letters are attached collectively hereto as Exhibit F.

19. Bankers Life has not received any requests to change the beneficiary since the issuance of the Policy.

20. In light of the foregoing, Bankers Life cannot determine factually or legally who is rightfully entitled to the Disputed Proceeds, or how said Disputed Proceeds should be paid and, by reason of the adverse claims of the Defendants, Bankers Life is or may be exposed to multiple liability.

### IV.  Claim for Relief

21. There exists a real and justiciable controversy between Bankers Life, Virginia, Rachael, and Rene.

22. Bankers Life is an innocent stakeholder subject to conflicting claims to the Disputed Proceeds and cannot pay any of the Defendants without justifiable fear of multiple liability and multiple lawsuits.

23. As a mere stakeholder, Bankers Life claims no interest in the Disputed Proceeds (except to recover the cost of this action), and respectfully requests that this Court determine to whom said benefits are payable.

24. Bankers Life stands ready, willing and able to deposit the Disputed Benefit, plus interest as provided by law, into the Registry of this Court or to whomever this Court shall otherwise direct for disbursement in accordance with the judgment of this Court.

25. There is no fraud or collusion between Bankers Life and any of the Defendants. Bankers Life brings this Complaint for Interpleader of its own free will and to avoid being vexed and harassed by conflicting and multiple claims.

26. Bankers Life has incurred, is incurring, and will continue to incur costs and attorneys' fees in bringing this action.

**WHEREFORE**, Bankers Life prays for judgment as follows:

(a) That Defendants and each of them be ordered to answer this Complaint for Interpleader and litigate their claims between themselves to the Disputed Proceeds;

(b) That Defendants be permanently restrained and enjoined from commencing any other civil action or proceeding against Bankers Life in any state, federal or other court of competent

jurisdiction in order to seek benefits or in order to assert damage claims arising under the Policy as a consequence of the Annuitant's death;

(c) That Defendants be required to settle and adjust the claims between themselves or, upon their failure to do so, the Court shall settle and adjust their claims and determine to whom the Disputed Proceeds should be paid;

(d) That Bankers Life be permitted to deposit the Disputed Proceeds into this Court's Registry, or as this Court otherwise directs, to be subject to the order of this Court and paid out as this Court shall direct;

(e) That upon deposit of the Disputed Proceeds, Bankers Life its agents, employees, representatives, predecessors, successors, and assigns be discharged from and against any liability, suits, debts, judgments, dues, sums and/or causes of action whether at law or at equity, to any of the Defendants, and/or to any person, entity, claimant, defendant for benefits arising under and pursuant to the Policy on account of the Annuitant's death;

(f) That Bankers Life be awarded costs it incurred to prosecute this action; and,

(g) That Bankers Life be awarded all other and further relief as the Court may deem proper.

Submitted this 9th day of December, 2022.

Respectfully submitted,

*/s/ Steven K. Huffer*
Steven K. Huffer (IN Bar No. 8459-49)
S.K. HUFFER & ASSOCIATES, P.C.
1919 Broad Ripple Avenue
Indianapolis, IN 46220
Telephone: (317) 564-4808
Facsimile: (317) 564-4812
Email: steveh@hufferlaw.com

*Attorney for Plaintiff,
Bankers Life and Casualty Company*